UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KELLI JO GARCIA,

    Plaintiff,                                          Civil Action No. 18-CV-10108

vs.                                                        HON. BERNARD A. FRIEDMAN

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND REMANDING FOR FURTHER PROCEEDINGS

This matter is presently before the Court on cross motions for summary judgment [docket entries 9 and 15]. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide these motions without a hearing. For the reasons stated below, the Court shall grant plaintiff's motion, deny defendant's motion, and remand the case for further proceedings.

Plaintiff has brought this action under 42 U.S.C. § 405(g) to challenge defendant's decision denying her application for Supplemental Security Income benefits. An Administrative Law Judge ("ALJ") held a hearing in September 2016 (Tr. 64-98) and issued a decision denying benefits in March 2017 (Tr. 8-23). This became defendant's final decision in December 2017 when the Appeals Council denied plaintiff's request for review (Tr. 1-4).

Under § 405(g), the issue before the Court is whether the ALJ's decision is supported by substantial evidence. As the Sixth Circuit has explained, the Court

> must affirm the Commissioner's findings if they are supported by substantial evidence and the Commissioner employed the proper legal standard. *White*, 572 F.3d at 281 (citing 42 U.S.C. § 405(g)); *Elam ex rel. Golay v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th

Cir. 2003); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (internal quotation marks omitted); see also *Kyle*, 609 F.3d at 854 (quoting *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009)). Where the Commissioner's decision is supported by substantial evidence, it must be upheld even if the record might support a contrary conclusion. *Smith v. Sec'y of Health & Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989). However, a substantiality of evidence evaluation does not permit a selective reading of the record. "Substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (internal citations and quotation marks omitted).

*Brooks v. Comm'r of Soc. Sec.*, 531 F. App'x 636, 640-41 (6th Cir. 2013).

Plaintiff was 34 years old at the time of the ALJ's decision (Tr. 22). She has a ninth grade education and work experience as a waitress, janitor, and receptionist (Tr. 70, 93, 210). Plaintiff claims she has been disabled since November 2012 due to leg pain, head trauma, anxiety, migraines, memory loss, panic attacks, depression, and mood swings (Tr. 209).

The ALJ found that plaintiff's severe impairments are "chronic pain; status-post tibia-fibular fracture and closed head injury due to motor vehicle accident in 2008 [1]; osteoarthritis; chronic obstructive pulmonary disorder, obesity; panic disorder with agoraphobia; obsessive compulsive disorder; and major depressive disorder" (Tr. 13). The ALJ further found

---

[1] The medical records indicate that plaintiff "was walking across interstate 75 after her car broke down, and a motorcycle traveling approximately 60 miles per hour hit the patient prior to her arrival" (Tr. 303). Plaintiff's right tibia and fibula were fractured and surgically repaired (Tr. 309-10, 327).

that despite her impairments plaintiff has the residual functional capacity ("RFC") to perform a limited range of light work.[2]  A vocational expert ("VE") testified in response to a hypothetical question that a person of plaintiff's age and education, and who has this RFC, could perform certain unskilled, light jobs such as office helper, inspector hand packager, and router (Tr. 95-96).  The ALJ cited this testimony as evidence that work exists in significant numbers that plaintiff could perform and concluded that she is not disabled (Tr. 22-23).

Having reviewed the administrative record and the parties' summary judgment motions, the Court concludes that the ALJ's decision in this matter is not supported by substantial evidence because her RFC evaluation of plaintiff is flawed.  Since the ALJ's hypothetical question incorporated this flawed RFC evaluation, it failed to describe plaintiff in all relevant respects and the VE's testimony given in response thereto cannot be used to carry defendant's burden to prove the existence of a significant number of jobs plaintiff is capable of performing.

---

[2] Specifically, the ALJ found that plaintiff has the RFC

> to perform light work as defined in 20 CFR 416.967(b) except: climb ramps and stairs occasionally; never climb ladders, ropes or scaffolds; stoop, kneel, crouch, and crawl occasionally; require a sit/stand option in twenty minute intervals; requires a handheld assistive device for ambulation; no deep bending at the waist to pick up things below knee level; no driving a motor vehicle; simple, routine, and repetitive work in a low-stress work environment, which means no production-rate work; simple work-related decisions; little to no change in work setting or routine; and could have only occasional, superficial contact with the public and coworkers.

(Tr. 16.)  Section 416.967(b) defines light work as "involv[ing] lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requir[ing] a good deal of walking or standing."

The ALJ's RFC assessment of plaintiff is flawed for three reasons. First, the ALJ failed to consider the side effects of plaintiff's medications. Plaintiff testified that some of her medications make her feel sleepy, nauseous, and dizzy (Tr. 79, 83). The record indicates that plaintiff takes, or has taken, a number of medications including Atenolol, Klonopin, Norco, Vicodin, Xanax, Ambien, Omeprazole, Augmentin, Trazodone, Alprazolam, Percocet, and Paxil (Tr. 212, 255, 272, 277, 356, 368-69, 410, 472), some of which have known side effects.

The ALJ erred in failing to make any findings regarding this issue. The Sixth Circuit has held that the ALJ must evaluate "[t]he type, dosage, effectiveness, and side effects of any medication" as part of the process of determining the extent to which side effects impair a claimant's capacity to work. *Keeton v. Comm'r of Soc. Sec.*, 583 F. App'x 515, 532 (6th Cir. 2014) (quoting 20 C.F.R. § 416.929(c)(3)(i)-(vi)). Further, hypothetical questions to vocational experts must account for medication side effects. *See White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 789-90 (6th Cir. 2009). On remand, the ALJ must determine which medications plaintiff was taking during the relevant time period; make findings as to the nature and extent of these medications' side effects, if any; adjust her findings as appropriate regarding plaintiff's RFC; and incorporate these findings in proper hypothetical questions to the VE.

Second, the RFC assessment is flawed because the ALJ neglected to make any findings regarding the extent to which plaintiff's ability to work is affected by her panic disorder with agoraphobia and her major depressive disorder, both of which the ALJ found to be among plaintiff's severe impairments. Plaintiff testified that she isolates herself at home, does not go out to movies or to eat, does not attend parent/teacher conferences or any of her teenaged daughter's activities, does not visit with friends, and leaves the house only to see her psychiatrist

4

once per week (Tr. 76-77, 89-90). On her function report, plaintiff indicated that the only time she spends with others is "sit[ting] around the house" with her daughter and husband (Tr. 237). Plaintiff's husband indicated that plaintiff "doesn't really leave the house" and that she "doesn't like to go out alone so I'm usually with her" (Tr. 244). Dr. Hayter, whose report the ALJ gave "great weight" (Tr. 20), did not comment on plaintiff's panic disorder/agoraphobia or depression (Tr.363-66). Dr. Chapman diagnosed both disorders, and the ALJ accepted these diagnoses (Tr. 13, 485). On remand, the ALJ must make findings as to the nature and severity of plaintiff's panic disorder/agoraphobia and depression, and revise plaintiff's RFC and the hypothetical question(s) to the VE as appropriate.

Third, the ALJ made no findings regarding plaintiff's migraines. The ALJ noted that plaintiff listed migraines among her impairments in her disability application and in her disability report (Tr. 17, referring to Tr. 99, 252, 257). Plaintiff told Dr. Hayter that her migraines occur three times per week and last two hours, and she rated them at 9 on the 1-10 pain scale (Tr. 363). Plaintiff testified similarly (Tr. 87-88). While the ALJ noted this testimony (Tr. 17), he neither accepted nor rejected it. On remand, the ALJ must make findings as to the severity, frequency, and duration of plaintiff's migraines, and revise plaintiff's RFC and the hypothetical question(s) to the VE as appropriate.

For these reasons, the Court concludes that the ALJ's decision in this matter is not supported by substantial evidence. Remanding the matter for an award of benefits would not be appropriate at this time because the record, in its current state, is not such that "proof of disability is overwhelming or . . . proof of disability is strong and evidence to the contrary is lacking." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

Rather, the matter must be remanded so that the record may be further developed to correct the errors noted above. Accordingly,

IT IS ORDERED that defendant's motion for summary judgment is denied.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment is granted and this matter is remanded for further proceedings to address the errors identified in this opinion. This is a sentence four remand under § 405(g).

Dated: June 7, 2018                   s/Bernard A. Friedman
Detroit, Michigan                BERNARD A. FRIEDMAN
                                           SENIOR UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 7, 2018.

                                           s/Johnetta M. Curry-Williams
                                           Case Manager